RuffiN, C. J.
 

 The Court affirms the judgment. The case is governed by that of
 
 Taylor
 
 v
 
 Williams,
 
 1 Ired. Rep. 249. It is even stronger than that case, for the good faith of the plaintiff’s mortgage is not questioned. It passed the title to the land perfectly to the plaintiff; subject, indeed, to the encumbrance of a judgment, or, rather, the lien of an execution that might be issued on fhe judgment. The effect of that was, that the land, although the property of the plaintiff, might be taken, if necessary, to pay that debt, but it could be taken for no further purpose. The sheriff’ might' have sold an aliquot part of the land, so many acres, as would pay the debt; and in that case it is plain, the part unsold would have been vested in the plaintiff under his deed, B follows that the surplus of the proceeds belongs to
 
 *14
 
 him; for the sheriff cannot, by the mode of his proceeding-, essentially vary the rights of the party. It is not material, that the plaintiff has only a mortgage. That vests in him the legal title, with which only we have to deal in this action. Any equities between him and the mortgagor or the assignee of the latter, if there be such under the circumstances, must be settled elsewhere.
 

 Per Curiam, Judgment affirmed^